**Willie L. LOVELESS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14529.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 30, 1958.

Decided Oct. 9, 1958.

Mr. Curtis P. Mitchell, Washington, D. C., with whom Messrs. John A. Shorter, Jr., Roy M. Ellis, and Gordon J. Myatt, Washington, D. C., were on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, FAHY and BURGER, Circuit Judges.

PER CURIAM.

Appellant was tried for second degree murder and convicted of manslaughter. At the close of testimony, appellant requested a charge on manslaughter but the court ruled that he would not give such a charge but would charge on second degree murder, which he did. After the arguments had all been concluded, however, the court advised counsel he had changed his mind and considered the manslaughter charge essential. At that point [1] appellant's counsel protested that "neither of us, in view of what your honor said, argued with respect to man-

---

1. Previously, when the manslaughter charge was refused, the defense preserved its objection to the court's ruling.

slaughter at all." The appellant was thus precluded from arguing to the jury that even the lesser offense was not supported by the evidence.

Rule 30 in pertinent part provides:

"The court shall inform counsel of its proposed action upon the requests *prior to their arguments to the jury* * * *." Fed.R.Crim.P. 30, 18 U.S.C.A. (Emphasis added.)

In the circumstances of this case the least that could have been done to comply with this important rule was to afford counsel an opportunity to re-open and argue the issue of manslaughter. Jackson v. State, 1949, 216 Ark. 341, 225 S.W.2d 522, 15 A.L.R.2d 484; Fox v. Commonwealth, 1924, 202 Ky. 41, 258 S.W. 950; cf. Clancy v. City of Joplin, Mo.Ct.App.1915, 181 S.W. 120 (civil negligence case). The judgment of conviction is reversed and the case remanded for a new trial.

Reversed and remanded.