**UNITED STATES of America**

v.

**Francis J. HARTMAN, Appellant.**

**No. 17463.**

United States Court of Appeals
Third Circuit.

Argued March 25, 1969.

Decided April 16, 1969.

Samuel P. Orlando, Orlando & Cummins, Haddonfield, N. J. (Hartman & Schlesinger, Jan M. Schlesinger, Mount Holly, N. J., on the brief), for appellant.

Donald S. Targan, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Again we are called upon to review the propriety of the "wilfulness" charge in a prosecution under Section 7203 of Title 26, U.S.Code that anyone "who willfully [sic] fails to * * * make * * * [a required income tax] return * * * shall * * * be guilty of a misdemeanor * * *." The Appellant was convicted by a jury and there is ample evidence to support the conviction. It cannot be seriously questioned that the charge as actually given by the court was proper.[1]

---

1. "The word 'wilful' as used in this statute, members of the jury, means voluntarily, purposeful, deliberate and intentional, as distinguished from accidental, inadvertent or negligent. Mere negligence, even gross negligence, is not sufficient to constitute wilfulness.

"You will note that the failure to act, as charged in the various counts of the information, is alleged to have been wilful. A failure to act is wilful if voluntary and purposeful and with the specific intent to fail to do what the law requires to be done; that is to say, with a bad purpose, to disobey or disregard the law. I charge you the only bad purpose neces-sary for the government to prove in this case is the deliberate intention not to file returns which the defendant knew he was required to file at the time he was required to file them by law.

\* · \* \* \* \*

"Now, as to the defendant's requests to charge, the first set that was given to me. * * * No. 6, I will charge the first paragraph, part of the first paragraph: The essential elements of the commission of the offense in each of the counts of the information filed by the government against the defendant is the wilful failure of the defendant to make an income tax return as required by law

The extremely narrow question presented is whether reversible trial error resulted from the trial court's failure to charge on the complete text of a requested point-for-charge after indicating to counsel prior to closing argument that it would so instruct the jury.

The requested, but undelivered Point No. 6 contained the statement that the government had to prove that "such failure to file the return was with the intention to evade and defraud the government." Notwithstanding this omission, the court did incorporate defendant's Point No. 9 into its charge, which read: "The evil motive or bad purpose in a prosecution such as this one must consist of proof of the deliberate intention not to file a return so that the government would not know the extent of a taxpayer's liability." The propriety of this latter language was expressly approved by this court in United States v. Cirillo, 251 F.2d 638 (3 Cir. 1958) and United States v. Litman, 246 F.2d 206 (3 Cir. 1957).

We recognize that the failure of the trial court to charge on requested Point 6 was a technical departure from the commandment of Rule 30 that "[T]he court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed." Whether this omission requires the granting of a new trial, however, depends upon an examination of the charge in its entirety to determine if there was fundamental prejudice to the defendant.

Viewed in this light, we do not believe that the trial court's failure to employ the specific language of Point 6 was prejudicial.[2] The charge as delivered, requiring the government to prove that there was an intent not to file so as to conceal the extent of tax liability from the government, was but an alternative expression of what Point 6 defined as the "intention to evade and defraud the government." The two differed only in form, and not substance.

The situation is readily distinguishable from that which confronted the court in Loveless v. United States, 104 U.S.App. D.C. 157, 260 F.2d 487 (1958), where the court precluded argument on the issue of manslaughter and then, reversing itself after some deliberation, charged on the elements of both murder and manslaughter. Under such circumstances, it was properly held that the failure to afford argument on the issue of manslaughter was fundamental error.

In contrast, it cannot be suggested that the omission of Point 6 seriously restricted the closing argument of defense counsel; he was free to explore fully the elements of wilfulness and the necessity that the government prove an evil or bad purpose in deliberately failing to file a tax return.

Although the better practice would have been to advise counsel prior to the charge that the court would not include this particular point, and to allow reargument if then desired, we do not believe that this departure from the strict terms of Rule 30 generated such fundamental prejudice to the defendant as to constitute reversible error.

The judgment of conviction will be affirmed.

---

for the years 1960, 1961 and 1962. The term also implies on the part of the defendant the knowledge and a purpose to do wrong.

"I decline to charge the balance. I think the case cited, Mr. Orlando, is distinguishable.

"With regard to the second set * * *

"No 8 I will charge: Wilfulness, as that term is used in the statute that applies to this case, requires that the failure to file was done with an evil motive.

"No. 9 I will charge: The evil motive or bad purpose in a prosecution such as this one must consist of proof of the deliberate intention not to file a return so that the government would not know the extent of a taxpayer's liability. * * * *"

2. It is not necessary for us to reach the question of the propriety of Suggested Point 6.