The **UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Martin LEMLICH, Defendant-Appellant.**

**No. 27822**
**Summary Calendar.**

Unted States Court of Appeals
Fifth Circuit.

Oct. 14, 1969.

Certiorari Denied Feb. 24, 1970.
See 90 S.Ct. 914.

Sidney A. Soltz, Miami, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., Donald I. Bierman, Theodore Klein, Asst. U. S. Attys., Miami, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant was convicted on twenty counts of failure to file Employer's Quarterly Tax Returns (Form 941) for most of the period 1962 through 1964 for his law practice and for various corporations of which he was president.

■ Pursuant to Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969).

■ Appellant urges that he was entitled to a judgment of acquittal because he lacked the necessary intent. This argument springs from several factual matters. He says that he furnished W-2 forms to employees of the taxpayer, which arguably revealed to the government the employer's tax liability. There was also evidence that he lacked the ability to pay the tax and that he was unaware that he could file the returns without a remittance. Wilfulness in failing to file the quarterly returns was for the jury. United States v. Johnson, 386 F.2d 630 (3rd Cir. 1967); Barrett v. United States, 296 F.2d 309 (5th Cir. 1961); Contreras v. United States, 213 F.2d 96 (5th Cir. 1954).[1]

■ In argument defense counsel referred to various acts of appellant regarding preparation and filing of returns. The court then advised counsel he proposed to charge the jury on the effect of these acts as evidence of intent, and subsequently the court did give a correct and limiting charge on that subject. Appellant asserts that reversal is required by Rule 30, Fed.R.Crim.P., providing that "[t]he court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury," and Loveless v. United States, 260 F.2d 487 (D.C. Cir. 1958). Defense counsel did not offer any proposed instructions at the charge conference and did not object to any proposed charges. The charge given did not limit or restrict the argument of defendant but, to the contrary, limited the probative effect of the prior acts to which defense counsel had referred in his argument, which

---

1. Appellant relies upon United States v. Power, 68-2 USTC 9443 (S.D.Wis., not officially reported). That case contains language which implies that inability to pay tax, coupled with a "full disclosure" of tax liability by sending W-2 forms to employees, so negated intent as to entitle the defendant to a judgment of acquittal. If *Power* means there can be no wilful failure to file a return merely because a taxpayer puts in the hands of employees W-2 forms which, if all reach the government, will disclose the fact and the extent of taxpayer's liability, then we do not agree with it. In any event the evidence does not show a uniform pattern of appellant putting W-2's into the hands of employees. Some were returned for wrong addresses, and in at least one instance a former employee was able to obtain a W-2 only by telephonic insistence that it be sent. The sending of W-2's is evidentiary of an intent not to conceal tax liability, but it does not reach the status of requiring acquittal for failure to file the employer's return.

was to the advantage of defendant. In *Loveless* the court had indicated it would not give certain instructions, and relying thereon the defense did not argue the lesser offense of manslaughter, then after argument the court notified counsel he had changed his mind and considered a charge on manslaughter essential.

■ There is no merit to the contention that the hearsay rule and attorney-client privilege were violated by asking defendant whether his attorney, holding a power of attorney to represent appellant before the governmental agency, had asserted in conference with the government the defense that appellant had no knowledge that he could file a return without a remittance.

Affirmed.