Bernice SPADE, Appellant,

v.

UNITED STATES, Appellee.

Robert COOPER, Appellant,

v.

UNITED STATES, Appellee.

James TAYLOR, Appellant,

v.

UNITED STATES, Appellee.

Burnetta Arlene COLES, Appellant,

v.

UNITED STATES, Appellee.

Nos. 5349, 5352, 5364 and 5398.

District of Columbia Court of Appeals.

Argued Feb. 16, 1971.

Decided May 28, 1971.

Alan C. Campbell, appointed by this court, Washington, D. C., for appellant Bernice Spade.

O. B. Parker, Washington, D. C., appointed by this court, for appellant Robert Cooper.

Joseph Paull, Washington D. C., appointed by this court, for appellant James Taylor.

George A. Harvey, appointed by this court, for appellant Burnetta Arlene Coles.

Barry W. Levine, Asst. U. S. Atty. with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Robert C. Crimmins, Asst. U. S. Attys., were on the brief, for appellee. Michael J. Madigan, Asst. U. S. Atty., entered an appearance for appellee in No. 5398.

Before KELLY, KERN and PAIR, Associate Judges.

KELLY, Associate Judge:

On the evening of March 31, 1970, at about 6:30 p. m., a police raiding party executed a search warrant for the entire premises at 739 Fairmont Street, N. W. in the District of Columbia; seized certain articles, and arrested the four appellants who were later tried jointly before a judge and jury. Bernice Spade was charged with and convicted of unlawful possession of a narcotic drug (heroin).[1] Robert Cooper, James Taylor and Burnetta Coles were charged with narcotic vagrancy[2] and presence in an illegal establishment,[3] but only Cooper was found guilty of both charges. Taylor and Coles were found guilty of being present in an illegal establishment. We reverse the convictions of appellants Cooper, Taylor and Coles on the charge of being present in an illegal establishment, and otherwise affirm.

Appellant Spade was arrested on the first floor of the house. A search of her person resulted in the seizure of four capsules, later found to contain heroin, from the pocket of the jacket she was wearing. Her testimony was that the jacket was not hers; that she was lying down when the officers entered, and that because she was cold she put on the jacket that was next to her on the couch. She claimed that she did not know to whom the jacket belonged.

Appellants Cooper, Taylor and Coles were found in an upstairs bedroom. One of the arresting officers testified that there was narcotics paraphernalia on a table near the appellants and that a search of the room uncovered other narcotics implements. Appellant Cooper lived in the house, but Taylor and Coles claimed that they had been there for only five minutes

1. D.C.Code 1967, § 33–402.

2. D.C.Code 1967, § 33–416a.

3. D.C.Code 1967, § 22–1515(a).

before the police arrived; that Cooper and Taylor were friends who had not seen each other in three years; that Coles had never before seen Cooper, and that none of them were in the room where the narcotics paraphernalia was allegedly found.

■ On this consolidated appeal numerous claims of error are raised; however, it is our conclusion that only one is of such magnitude as to require reversal,[4] and that only as to the one conviction of appellants Cooper, Taylor and Coles. The central questions on appeal concern the adequacy of the jury instructions as to (1) presence in an illegal establishment and (2) possession of narcotics.

■ It is worthy of note at the outset that absent plain error an appellate court will not consider a claim of error based on the trial court's jury instructions when a defendant has failed to make either a proper request or exception. Cobb v. United States, D.C.App., 246 A.2d 777 (1968); Ginyard v. United States, D.C.App., 232 A.2d 590 (1967). *See also* Polansky v. United States, 332 F.2d 233 (1st Cir. 1964). Since the record before us reveals that neither of the claimed inadequate instructions was objected to for the reasons now raised on appeal, our review is confined to the determination of whether there is plain error.

## I

■ The statutory definition[5] of the proscribed crime of being present in an illegal establishment says, in pertinent part, that

(a) Whoever is found in the District in * * * an establishment where * * * any narcotic drug is *sold, administered,* or *dispensed* without a license * * *. (Emphasis supplied.)

The trial judge, however, instructed the jury that appellants Cooper, Taylor and Coles were "charged with presence in an illegal establishment [which under the law] is a place where narcotic drugs were *kept* or sold or administered or dispensed unlawfully." (Tr. 336.) (Emphasis supplied.) He repeated the word "kept" several times when referring to an illegal establishment, and included it when he instructed the jury on the elements of the charged offense, stating that

[t]he elements of this offense are, first, that the person be in a place where the narcotic drugs are *kept*, sold, administered, or dispensed unlawfully; and, second, that he knows that at the time he is there these narcotic drugs are being either *kept*, sold, administered or dispensed unlawfully. (Tr. 354.) (Emphasis supplied.)

Thus a totally new, erroneous, and decidedly prejudicial element was inserted into the statutory definition of what is meant by presence in an illegal establishment. Even granting the Government's argument that in order for a drug to be sold, administered or dispensed it must be kept on the premises, it is plain that a drug can be kept on the premises without being sold, administered or dispensed.

The Government argues that the trial judge's later correct recital of the applicable law cured his original error.[6] It ap-

---

4. Although not meriting reversal, it is worth noting appellants' claim that there was a "missing link" in the Government's chain of possession of certain narcotic evidence. We conclude in light of Gass v. United States, 135 U.S.App.D.C. 11, 14, 416 F.2d 767, 770 (1969) and Tompkins v. United States, D.C.App., 272 A.2d 100, 102–103 (1970), that as a matter of reasonable probability any possibility for misidentification and/or adulteration was eliminated.

5. D.C.Code 1967, § 22–1515.

6. "Even if a portion of a trial court's instructions is incorrect, an appellate court need not reverse if the error is 'cured by a subsequent charge or by a consideration of the entire charge * * *.'" (Citations omitted.) Howard v. United States, 128 U.S.App.D.C. 336, 340, 389 F.2d 287, 291 (1967).

pears that the trial judge, when asked to comment further on the "good account" portion of the statute, gave additional instructions in which he omitted the word "kept" when referring to the essential elements of the charge. He did not, however, nor was he asked to specifically correct his prior incorrect instructions.

■ There is no reversible error[7] where an incorrect charge has been effectively withdrawn and a correct one substituted, but where it is impossible to tell which of two contradictory instructions the jury followed the judgment must be reversed.[8] In this case there was no overt correction which brought to the jury's attention that the word "kept" was not included in the statute as an element of the crime charged and should not be considered as such. Consequently there was no effective correction of the prior instruction and the convictions cannot stand.

## II

■ Appellant Spade argues that the court's instruction on possession of narcotics assumed proof of the element of possession and left for the jury only the determination of whether the substance was a narcotic drug.[9]

The trial court said:

The testimony here is that she had it in her pocket. If it is in her pocket and that close to her, it is quite obviously under her control and in her possession if she knows it and intends for it to be

there. But we don't have any close question about it was over across the road or outside in the car or anything like that. If she had it that close to her in her pocket or dress, it is in her possession. (Tr. 350.)

He later said with reference to the charge:

So, that is another question. Did Miss Spade possess it and was it a narcotic drug? Those are the two elements of that offense, and you must find both to exist beyond a reasonable doubt before she can be found guilty in accordance with the criterion I have just recited to you. (Tr. 352.)

■ It is unquestioned that the alleged narcotics were found in the pocket of a jacket appellant Spade was wearing—in her actual possession. Her defense was that the jacket was not hers and that she knew nothing of the presence of narcotics in the pocket. This defense of unknowing possession was put to the jury, without objection,[10] in the language quoted above. Under these circumstances we conclude that the court's instructions were adequate to present the issue fairly to the jury and find no reversible error.

## III

■ As to appellant Cooper's remaining conviction, only his complaint that the trial court failed to grant his several motions for judgment of acquittal merits comment. We are satisfied on this record that there

---

7. Byas v. United States, 86 U.S.App.D.C. 309, 313, 182 F.2d 94, 98 (1950). *See also* Stanford v. State, 153 Ga. 219, 112 S.E. 130, 139–140 (1922).

8. United States v. Donnelly, 179 F.2d 227 (7th Cir. 1950).

9. Appellant Spade further claims that the instruction "effectively ignored appellant's defense." Salley v. United States, 122 U.S.App.D.C. 359, 360, 353 F.2d 897, 898 (1965), relied on by appellant states very clearly that it is error for a

trial court to refuse to instruct on defendant's theory when so requested. Since there was no request on her part, the failure to so instruct does not constitute reversible error.

10. The prosecutor suggested that the court might wish to reemphasize that an element of the crime is *knowing* possession but the court declined to do so. *See* Junior Bar Section of D. C. Bar Ass'n, Criminal Jury Instructions for the District of Columbia, No. 93(b) (1966).

was sufficient evidence to present an issue for the jury as to his guilt or innocence of the offenses charged, and to support his ultimate conviction of narcotics vagrancy.

Judgment in No. 5349—affirmed.

Judgment in No. 5352—affirmed in part; reversed in part.

Judgment in No. 5364—reversed.

Judgment in No. 5398—reversed.