358 A.2d 651 (1976)
Bruce Marcus MURRAY, Appellant,
v.
DISTRICT OF COLUMBIA, Appellee.
No. 9968.
District of Columbia Court of Appeals.
Argued March 23, 1976.
Decided June 3, 1976.
*652 Thomas Hylden, law student counsel, with whom Susan J. Bryant, Washington, D. C., was on the brief, for appellant.
Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom Louis P. Robbins, Acting Corp. Counsel, Washington, D. C., at the time the brief was filed, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.
Before FICKLING, KERN and NEBEKER, Associate Judges.
FICKLING, Associate Judge:
This is an appeal from a jury trial conviction of reckless driving in violation of D.C.Code 1973, § 40-605(b). The issues raised on appeal are (1) whether the trial court erred by amending the instructions to the jury after final argument and the commencement of deliberations; and (2) whether appellant was denied his constitutional right to final summation by virtue of the supplemental instructions to the jury. We affirm.
On March 6, 1975, appellant was charged by information with committing the offense of reckless driving in violation of D.C. Code 1973, § 40-605(b).[1] The information, tracking the language of the latter portion of the above statute, charged that on March 4, 1975, appellant committed the offense of reckless driving
in that he did then and there operate a vehicle without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property in violation of section 40-605(b) of The District of Columbia Code.
At trial, after the close of all the evidence but before final argument, the trial court pursuant to Super.Ct.Cr.R. 30,[2] informed counsel for both sides that as part of its instructions it would read the statutory definition of reckless driving to the jury. Trial counsel for appellant began his final argument by reading § 40-605(b) in its entirety to the jury. Government counsel immediately objected, stating:
Your Honor, I object, he is not reading the part of the charge with [w]hich the defendant is charged.
The court overruled the objection, stating that it would later instruct the jury on the law. Counsel then proceeded to couch the remainder of his final summation solely in *653 terms of the uncharged portion of the statute, arguing that his client lacked a "wilful or wanton disregard of the rights or safety of others."
After all final arguments were given, the trial judge instructed the jury concerning the definition of reckless driving as follows:
Now, what do we mean by reckless driving. The statute reads, "any person who drives any vehicle upon a highway carelessly and heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.["] Now, what do we mean by wilful or wanton. An act is done wilfully i[f] it is done knowingly, intentionally and deliberately. An act is done wantonly if done with cavalier and heedless disregard of the consequences of that act.
Both sides expressed satisfaction with the court's instructions, and the jury was sent out to deliberate.
After some five hours of deliberation, the jury sent the trial judge a note requesting the definitions of the terms "reckless," "wanton," "intent," and "willfulness." Although government counsel had no objection to reinstruction on these terms, he again reminded the court that the information did not charge willful or wanton conduct. The trial judge agreed that the instructions had been overinclusive. Over the objection of appellant's counsel, the court indicated that it would inform the jury of the erroneous instruction.
Upon its return, the judge reinstructed the jury as follows:
Under the reckless driving statute there are two different offenses. Unfortunately, yesterday, the Court instructed you with respect to both offenses.
One offense is to drive carelessly and heedlessly in willful and wanton disregard of the rights and safety of others. That was not the offense charged here. It was my error in instructing you as to both offenses under the reckless driving statute.
What was charged here is that the defendant did on the date in question, at the place in question, operate a vehicle without due caution and circumspection, and at a speed and in a manner so as to endanger or be likely to endanger persons or property.
Thus, there is no need for me to define the term wanton, since that is not an element of the offense charged, nor is there need to define willfulness since that is not an element of the offense charged.
After further deliberations, the jury found appellant guilty as charged. This appeal followed.
First, we conclude that it was not error for the trial judge to withdraw from the jury's consideration the inapplicable portions of the court's previous overinclusive instruction concerning the definition of reckless driving. It is settled law that the decision whether and how to reinstruct a jury is within the sound discretion of the trial court. See United States v. Wharton, 139 U.S.App.D.C. 293, 296 n. 9, 433 F.2d 451, 454 n. 9 (1970); accord, United States v. Bolden, 169 U.S.App.D.C. 60, 514 F.2d 1301, 1308 (1975). Moreover, there is no reversible error where an incorrect charge has been effectively withdrawn and a correct one substituted. Spade v. United States, D.C.App., 277 A.2d 654, 657 (1971); Howard v. United States, 128 U.S.App.D. C. 336, 340, 389 F.2d 287, 291 (1967). In the instant case, we conclude that the trial court did not abuse its discretion by withdrawing from the jury's consideration the uncharged portion of the reckless driving statute.
*654 We also reject the contention that the actions of the trial judge abridged appellant's constitutional right to make a final summation as enunciated in Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). Specifically, appellant contends that his final summation was essentially nullified by the court's subsequent correction of the overinclusive instructions. We would note only that appellant was not precluded from arguing the "due caution and circumspection" standard to the jury. The initial instructions, although overinclusive, did contain the specific language of the reckless driving statute under which appellant was charged. Accordingly, appellant's decision to confine his final argument to the uncharged portion of the statute must be viewed as a tactical choice, since he knew the precise charge stated in the information.
In this regard, we find misplaced appellant's heavy reliance on Loveless v. United States, 104 U.S.App.D.C. 157, 260 F.2d 487 (1958). In that case, defendant, who was charged with second-degree murder, requested that a manslaughter instruction be given. The court denied the request thereby limiting the scope of defense counsel's final argument to the issue of second-degree murder. After oral argument, the court decided to give the manslaughter instruction and the jury found defendant guilty of manslaughter. In reversing the conviction, the Loveless court determined that the timing of the additional instruction destroyed any opportunity to argue the manslaughter issue to the jury. Id. at 158, 260 F.2d at 488. In the instant case, however, the initial instructions, although overinclusive, did afford and adequate opportunity to argue the charged offense to the jury.
For the above reasons, we affirm the conviction.
Affirmed.
NOTES
[1] D.C.Code 1973, § 40-605(b) provides:

(b) Any person who drives any vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving.
[2] Super.Ct.Cr.R. 30 provides:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time, copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.