Robert L. DAVIS, Appellant,

v.

UNITED STATES, Appellee.

No. 84–1255.

District of Columbia Court of Appeals.

Submitted May 16, 1986.

Decided June 26, 1986.

---

Thomas K. Clancy, appointed by this court, was on brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, and Kenneth D. Bynum, Asst. U.S. Attys., were on brief, for appellee.

Before PRYOR, Chief Judge, and MACK and STEADMAN, Associate Judges.

PER CURIAM:

Appellant Davis was convicted of manslaughter while armed[1] and of carrying a pistol without a license, D.C. Code § 22–3204 (1981). He urges this court to reverse his manslaughter conviction because the trial judge refused to include in reinstructions to the jury a reminder that self-de-

fense is a legal excuse to a charge of homicide. We affirm.

There is no dispute about the propriety of the contents of the original instructions, which included *inter alia* the elements of murder in the second degree and voluntary manslaughter while armed, as well as an explanation of the law of self-defense. Nor does appellant challenge the response of the trial court to the first request for reinstruction.[2]

What is at issue here is the supplemental charge given in answer to the jury's second request for reinstruction, *i.e.*, "to hear the criteria for voluntary manslaughter." Defense counsel asked that the jury also be reinstructed in self-defense because the voluntary manslaughter instruction read by the judge did not specifically explain that self-defense was a legal excuse for homicide. The trial judge refused to depart from the standardized language describing the elements of voluntary manslaughter, and gave only that instruction.[3]

Decisions regarding reinstruction of a jury are committed to the discretion of the trial court; absent abuse of that discretion we will not reverse. *Tyler v. United States*, 495 A.2d 1180 (D.C.1985); *Bedney*

---

1. The District of Columbia Code provides the penalty to be imposed for conviction of manslaughter, D.C. Code § 22–2405 (1981). However, in the District of Columbia the elements of the offense have not been codified, but remain defined by common law. *United States v. Bradford*, 344 A.2d 208 (D.C.1975).

2. The jury asked that "the four requirements for murder II [be] reviewed" and also that "the requirements for voluntary manslaughter [be] reviewed."

3. Manslaughter is the unlawful killing of a human being without malice.

[Manslaughter is committed when a human being is killed unlawfully in the sudden heat of passion caused by adequate provocation, as the Court has defined those terms to you.]

The elements of the offense of manslaughter, each of which the Government must prove beyond a reasonable doubt, are:

1. That the defendant inflicted an injury or injuries upon the deceased from which the deceased died; and

2. That the killing was committed without legal justification or excuse.

To establish the first essential element of the offense, it is necessary that the defendant have inflicted an injury or injuries upon the deceased, and that the deceased have died as a result of such injury or injuries.

To establish the second essential element of the offense, it is necessary that the killing or homicide have been committed without legal justification or excuse.

Justifiable homicide is the necessary killing of another in the performance of a legal duty, or where the person who kills, not being himself at fault, had a legal right to kill.

Excusable homicide occurs where the person who kills, although himself at fault, had the legal right so to kill, or where the killing was the accidental result of a lawful act done in a lawful manner.

Criminal Jury Instructions for the District of Columbia, No. 4.25 (3d ed.1978).

*v. United States*, 471 A.2d 1022, 1024 (D.C. 1984); *Shreeves v. United States*, 395 A.2d 774, 787 (D.C.1978), *cert. denied*, 441 U.S. 943, 99 S.Ct. 2161, 60 L.Ed.2d 1045 (1979); *Murray v. United States*, 358 A.2d 651, 653 (D.C.1976). Here, the jury requested reinstruction on "the criteria for voluntary manslaughter," and that is what they received. This is not a case where the jury note was ambiguous or confused on its face. *See Powell v. United States*, 347 F.2d 156 (9th Cir.1965). We find no abuse of discretion in the case at bar.

■ We do, however, note that the better practice is for the trial judge to remind the jury during reinstruction that what they are hearing is but a part of the total charge. *See, e.g., United States v. Parr*, 716 F.2d 796, 809 (11th Cir.1983); *United States v. Piatt*, 679 F.2d 1228, 1231 (8th Cir.1982); *United States v. Sutherland*, 428 F.2d 1152, 1157–58 (5th Cir.1970), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972). *Cf. United States v. Jones*, 157 U.S.App.D.C. 158, 161, 482 F.2d 747, 750 (1973); *State v. McAllister*, 41 N.J. 342, 196 A.2d 786, 789 (1964). Coming as it does, in response to a specific request from a deliberating jury, "[a] supplemental charge must be viewed in a special light." *Arroyo v. Jones*, 685 F.2d 35, 39 (2d Cir.), *cert. denied*, 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982).

■ As the Second Circuit explained, supplemental instruction

> will enjoy special prominence in the minds of the jurors for several reasons. First, it will have been the most recent, or among the most recent, bit of instruction they will have heard, and will thus be freshest in their minds. Moreover, it will have been isolated from the other instructions they have heard, thus bringing it into the foreground of their thoughts. Because supplemental instructions are generally brief and are given during a break in the jury's deliberations, they will be received by the jurors with heightened alertness rather than with the normal attentiveness which

may well flag from time to time during a lengthy initial charge. And most importantly, the supplemental charge will normally be accorded special emphasis by the jury because it will generally have been given in response to a question from the jury.

*Id.*

Consequently, the trial judge must be especially alert not to send the jury back to resume deliberations having most recently heard supplemental instructions which are unbalanced. *United States v. Carter*, 491 F.2d 625, 633 (5th Cir.1974); *Sutherland, supra*, 428 F.2d at 1157. Because the "last word is apt to be the decisive word," *Bollenbach v. United States*, 326 U.S. 607, 612, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946), the trial judge must prevent the "poison[ing of] an otherwise healthy trial" by improperly balanced supplemental instructions. *Tart v. McGann*, 697 F.2d 75, 77 (2d Cir.1982) (quoting *Carter, supra*, 491 F.2d at 633).

Obviously, under the circumstances, a reinstruction on self-defense would have come closer to the ideal of a neutral, balanced instruction. The mere insertion in the standardized instruction of the phrase "such as when he acts in self-defense" at the end of the description of justifiable homicide, or at an appropriate point in the definition of excusable homicide would be, we believe, an improvement in the instruction in those cases where self-defense has been raised. Such a course would obviate any concern that the jury might not understand or recall that, once raised, self-defense is an element of homicide that must be disproved by the government beyond a reasonable doubt. *Cf. Bland v. United States*, 299 F.2d 105 (5th Cir.1962); *Henry v. State*, 359 So.2d 864 (Fla.1978). Nevertheless, because we are unable to hold under the facts of this case that there was an abuse of discretion, the judgment on appeal is

*Affirmed.*