John E. **POTTER**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 86–1024.

District of Columbia Court of Appeals.

Submitted Oct. 14, 1987.
Decided Dec. 22, 1987.

---

Linda S. Leonard, Washington, D.C., appointed by the court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., with whom Michael W. Farrell, Elizabeth Trosman, Lizabeth A. McKibben, and Patricia A. Riley, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before NEWMAN and BELSON, Associate Judges, and GALLAGHER, Senior Judge.

**PER CURIAM:**

Following a jury trial, appellant was convicted of simple assault, D.C.Code § 22–504 (1981); possession of a prohibited weapon (brick), D.C.Code § 22–3214(b) (1981); and possession of marijuana, D.C.Code § 33–541(d) (1985 Supp.). On appeal, he contends that the trial court erred by failing to instruct the jury that the defense of self-defense applied to the charge of possession of a prohibited weapon, and by refusing to respond to a jury note asking whether the self-defense instruction applied to that charge. We agree with the appellant that the court erred in failing to respond to the jury's question, and reverse.

At trial, the government's evidence showed that on October 14, 1985, appellant boarded a southbound Metrobus at 16th and Euclid Streets, N.W. Upon boarding the bus, appellant tendered a transfer, which the driver refused to accept, stating that that stop was not a transfer point. Appellant responded by cursing the driver, throwing only partial fare into the fare box, and tearing off a new transfer. Then, as the driver was dialing his telephone for assistance, appellant struck him on the forehead and ran out of the bus. The driver followed. After running down 16th Street, appellant stopped and threw two bricks at the driver. The driver dodged them, and as appellant reached for a rock, raised his arm to throw his ticket punch at appellant. At this point, appellant turned and fled. The driver returned to his bus.

Appellant defended on the ground that he had acted in self-defense, both in striking the driver while on the bus and in throwing the bricks as the driver chased him down the street. He testified that the driver had addressed him with epithets when he refused to accept appellant's transfer. Appellant maintained that, despite the insult, he dropped the correct fare into the box and waited for another transfer. Instead of giving him the transfer, however, the driver reached for his telephone. At this point, appellant stated, he went into a psychomotor seizure. When he came out of the seizure, he saw the bus

driver getting up and coming toward him, as if to push him off the bus. As appellant stumbled, he grabbed the pole near the steps and swung at the driver, hitting him in the face. Because the driver seemed to keep coming toward him, appellant backed down the steps and off the bus. Then, he testified, he saw a knife in the driver's right hand. He described this knife as having a blade at least three inches long. Appellant testified that he ran to avoid the knife and threw a single brick to trip the driver so that he would stop following.

In closing argument, appellant's attorney asked the jury to find that appellant had acted in self-defense as to both the charge of assault and the charge of possession of a prohibited weapon. He argued that appellant could have used self-defense on the bus if he had seen the driver coming toward him to push him off the bus and that "he would be justified in using self-defense again" if he thought the bus driver was chasing him with a knife.

In instructing the jury, the court gave the standard "redbook" instruction on simple assault, Criminal Jury Instructions for the District of Columbia, No. 4.11 (3d ed. 1978), followed by the standard self-defense instruction, Instruction No. 5.13, and an instruction on provocation and withdrawal, Instruction No. 5.17.[1] Next, the court gave the instruction concerning possession of a prohibited weapon, Instruction No. 4.82–B. It did not repeat, however, the

self-defense instruction. Appellant did not object to the omission.

The jury retired at 12:00 noon to start deliberations. At 2:25 p.m. they sent a note to the court stating: "Your Honor, is it permissible to consider possible self-defense in our deliberations on the charge of possession of a prohibited weapon with intent to use it unlawfully? We note this was not a part of your charge to us on the second count." The court did not respond to the note immediately because it was in the process of selecting a jury on another case. At 3:15 p.m., the jury sent out another note, this one saying a verdict had been reached. When counsel were assembled, the court stated it would bring the jury in and "ask if they [had] reached a unanimous verdict with respect to all of the charges." Appellant's counsel objected on the ground that any verdict would be meaningless since the jury had indicated it did not know the law on the prohibited weapon charge. The court replied, "Well, quite often when a note comes out, it's sometimes because one juror insists, not because the entire jury wants the note—answer to that question. I only have—have only to believe that they resolved it among themselves." At that, the jury was brought in, delivered its verdict, was polled, and was found to have reached a unanimous verdict on all counts. The court did not respond to the jury's question on the application of self-defense to the prohibited weapon charge.

1. The instructions on self-defense, provocation, and withdrawal given by the court were as follows:

Every person has the right to use a reasonable amount of force in self defense if, one, he actually believes he is in imminent danger of bodily harm; and two, if he has reasonable grounds for that belief.

The question is not whether you believe in retrospect that the use of force is necessary. The question is whether the defendant, under the circumstances as they appeared to him at the time of the incident, actually believed he was in imminent danger of bodily harm and could reasonably hold that belief.

The defendant is not required to prove that he acted in self defense. Where evidence of self defense is present, the Government must prove beyond a reasonable doubt that the defendant did not act in self defense.

If you find that the Government has failed to prove beyond a reasonable doubt that the

Defendant did not act in self defense, you must find the Defendant not guilty.

There has been testimony both that the complaining witness, Mr. Stewart, was the aggressor and that the Defendant, Mr. Potter, was the aggressor. You must first determine from the evidence whether in fact the Defendant was the aggressor.

If you find that the Defendant was the aggressor, or that he provoked the conflict upon himself, he cannot rely upon the right of self defense to justify his use of force. One who deliberately puts himself in a position where he has reason to believe that his presence will provoke trouble cannot claim self defense.

However, if one who provokes a conflict and later withdraws from it in good faith and communicates that withdrawal with words or actions, then is after pursued, he is justified to save himself from imminent bodily harm.

■ Addressing appellant's arguments, we observe first that in an appropriate case, self-defense is available to a charge of possession of a prohibited weapon because it can negate the element that the defendant intended to use the weapon unlawfully. *McBride v. United States*, 441 A.2d 644, 649–50 (D.C.1982). Here, appellant's testimony supplied evidence sufficient to support a self-defense theory.

Although the jury rejected that defense with respect to appellant's assault on the driver on the bus, and necessarily also found that appellant was the aggressor there, it would not have been inconsistent for the jury to have reached a different conclusion regarding the appellant's alleged intent to possess and use a brick unlawfully after the encounter had moved off the bus to the sidewalk. Crediting appellant's testimony, the jury could have found that appellant had sought to retreat from the fray by leaving the bus, but that the driver, knife in hand, had pursued him in a manner that caused appellant to believe, reasonably, that he had to throw a brick to fend off imminent bodily harm.

■ The court's failure when instructing the jury to repeat the self-defense instruction after giving the instruction for possession of a prohibited weapon, or at least to specify that self-defense was available to the charge, was not by itself plain error. Defense counsel in closing argument had informed the jury that it could consider self-defense to each count. Furthermore, the portion of the self-defense instruction concerning withdrawal, given immediately before the prohibited weapon instruction, had a far more obvious relevance to the events outside the bus than to the preceding events within.

■ Nevertheless, when the jury indicated its confusion over the applicability of the self-defense instruction to the weapons charge, the court had an obligation to respond. Ordinarily, a trial court must exercise its discretion in deciding whether to reinstruct the jury, *Davis v. United States*, 510 A.2d 1051, 1052 (D.C.1986), and is not required to answer every jury inquiry. *Murchison v. United States*, 486 A.2d 77, 83 (D.C.1984). Thus, where the initial charge to the jury unambiguously contains the self-defense instruction and the jury's question relates only to the elements of the crime, the trial court does not abuse its discretion by failing to remind the jury that self-defense is available. *Davis, supra*, 510 A.2d at 1052–53. Likewise, where the jury's note is ambiguous, the court is not required to answer it without seeking clarification. *Murchison, supra*, 486 A.2d at 83. However, where a jury shows confusion about a central aspect of applicable law, and the general instruction did not provide the legal information needed, reversible error occurs when the court does not respond to the jury's note. *See United States v. Bolden*, 169 U.S.App.D.C. 60, 67–68, 514 F.2d 1301, 1308–09 (1975); *Wright v. United States*, 102 U.S.App.D.C. 36, 43–44, 250 F.2d 4, 11–12 (1957).

The fact that the jury returned a verdict in this case does not mean that it resolved the question correctly. It may be that the jury assumed that self-defense did not apply to the prohibited weapon charge, and proceeded to find appellant guilty. Under the circumstances, we hold that the trial judge erred in failing to respond to the jury's inquiry.

We consider next whether the omission was harmless error. The provision of an answer to a jury note that is adequate to dispel jury confusion on a controlling issue of a case is such an important aspect of due process of law that we would have to be satisfied beyond a reasonable doubt that an omission to provide them was harmless before we could conclude that it did not vitiate the verdict. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967). Because the absence of the instruction may have led the jury to fail to give proper consideration to appellant's account of what transpired outside the bus, we cannot conclude the error was harmless. Accordingly, appellant's conviction of possession of a prohibited weapon will be reversed, but the judgment before us otherwise is affirmed.

*So Ordered.*