WAGNER, Senior Judge,
concurring in part, and dissenting in part:
I join the opinion for the court insofar as it concludes that the trial court’s ruling excluding the expert witness’ testimony, if error, was harmless. I respectfully dissent from Part IV of the opinion in which the majority finds that the trial court abused its discretion, in responding to the jury’s note. In my view, the trial court acted prudently and within its discretion by (1) reinstructing on aiding and abetting and (2) inviting the jury to clarify the note if they still had a question after reinstruction.
Although defense counsel thought otherwise, as the trial court observed, the note did not lend itself to a simple yes or no answer.[1] The jury’s question was also subject to more than one interpretation. Appellant’s trial counsel offered that the jury might be distinguishing between the robbery on S Street and appellant walking thereafter in the alley with Tate, who had the proceeds of the crime. Slightly varying from that interpretation, appellant suggests on appeal that the jury was focusing on two incidents, the armed robbery committed by three men and post-robbery efforts to evade apprehension when appellant and Tate were arrested on Q Street. Given the different meanings suggested, the trial court had reason to be “hesitant to speculate as to what they’re saying.” The trial court sought to follow the best course without intruding into their deliberations and given the situation. Where in the context of the case, the jury’s note is not clear, the court may seek clarification. See Potter v. United States, 534 A.2d 943, 946 (D.C.1987) (citation omitted) (stating that “where the jury’s note is ambiguous, the court is not required to answer it without clarification”). Here, the trial court did just that. At the same time, it reinstructed the jury on aiding and abetting, which was at the center of their inquiry. This instruction provided the guidance essential for the jury to determine whether the government had proven appellant’s guilt under that theory.[2] At *342 this juncture, there was no need for the trial court to do more to respond adequately to the note. Under these circumstances, I am persuaded that the trial court did not abuse its discretion in responding to the jury’s note. See Alcindote v. United States, 818 A.2d 152, 155 (D.C. 2003) (citing Whitaker v. United States, 617 A.2d 499, 501 (D.C.1992) (other citation omitted) (setting forth the standard that the trial court’s decision on reinstruction in response to a jury note will not be reversed absent an abuse of discretion)). Therefore, I would affirm the judgment of the trial court.

. The note stated:
For someone to be found guilty of aiding and abetting an armed robbery and possession of a firearm during the commission of a crime of violence or dangerous crime, do they have to have participated at the time of [the] crime, or could they have participated after the crime occurred?

. Although the jury had a copy of the instructions in the jury room, they are quite lengthy. *342 The trial court's decision to refocus them on this relevant instruction, among the many, appeared to be necessary and provided the jury with the means to decide the aiding and abetting issues under the facts that they found.