Glickman, Associate Judge,
dissenting in part:
I respectfully disagree with my colleagues regarding appellant’s claim that the trial court did not respond appropriately to the jury’s request to “[cjlarify instructions on the specifics of the aiding & abetting!,] specifically for the assault w[ith] significant injury.” How best to respond to a jury’s request for guidance is a decision committed to the trial court’s discretion, but “[w]hen a jury sends a note which demonstrates that it is confused, the trial court must not allow that confusion to persist.”[1] The court must respond in a way that addresses the jury’s particular difficulties and dispels its confusion with “concrete accuracy.”[2] For the following reasons, I conclude that the response in this case fell prejudicially short of that standard.
First, simply telling the jury that the instruction it already had received on aiding and abetting applied to all the charges was not responsive to the question the jury asked. The jury’s question was not whether the aiding and abetting instruction applied to unarmed ASBI, but specifically how it applied to that charge. Indeed, the crossed-out question in the note, which the court presumably saw, showed that the jury did not mean to ask whether the aiding and abetting-instruction applied to the unarmed ASBI charge. Moreover, the court identified the likely reason -for the jury’s uncertainty — the-, instruction required proof of mens rea for armed ASBI (including knowledge by the aider and abettor that the principal assailant was armed) that it did not appear to require for the lesser-included unarmed offense. It is .entirely understandable that a jury parsing the language of the instruction would consider the omission important and be confused as to whether and, if so, what mens rea had to be proved to convict appellant as an aider and abettor of unarmed ASBI. The jury’s confusion very well may have been heightened because the government asked it to convict appellant of ASBI based on Harris’s stab wounds (and not on his other injuries). This injected an additional subtlety that the instruction had left unanswered— whether the jury needed to find that appellant knew the principal assailant was armed in order to find appellant guilty as an aider and abettor of unarmed ASBI based on the victim’s stab wounds.
I think we must recognize that the jury’s request for specific clarification indicated a substantial likelihood that it found the-aiding and abetting instruction confusing with respect to the mens rea required to convict appellant of unarmed ASBI. The court’s brief and non-specific response did not directly and clearly dispel this probable confusion about an essential element of the *702 charged offense. Instead, the response left it to the jury to continue .struggling with the ambiguities in the instruction.[3]1 do not deny that the court’s response might have enabled an “intelligent and literate” jury to reason out the proper mens rea for a conviction of unarmed ASBI under an aiding and abetting theory. Ante at -700. But our cases require moré than that mere possibility. We have said that “[w]hen a jury indicates confusion about an important legal issue, it is not sufficient for the court to rely on more general statements in its prior charge. A conviction ought hot to rest on an equivocal direction to the jury on a basic issue.”[4]
Second, the explicit instruction that appellant sought — that to convict him of unarmed ASBI as an aider and abettor, the government also had to prove he acted with the same intent or knowledge that conviction of the offense as a principal would require — was legally correct[5] and would have been more responsive to the jury’s request for clarification of aiding and abetting as applied to unarmed ASBI. In my view, therefore, the court .should have given such a supplemental instruction instead of declining to do so on the premise that it was “in the instruction already.”
I thus conclude that the court exercised its discretion erroneously in responding to the jury’s note. I cannot deem the instructional error harmless. Surely the jury’s inquiry was no mere academic exercise. We must infer that the correct application of the aiding and abetting instruction to the unarmed ASBI charge was an important question to which the jury needed an answer in order to render a'vérdict. Presumably this was because the jury was not prepared to convict appellant of the offense as a principal and was. uncertain whether it could convict him as an aider and abettor. The jury’s uncertainty evidently‘was due to confusion about what mens rea the government needed to prove. The failure to dispel that confusion left the jury free to misconstrue the aiding and abetting instruction and convict appellant of ASBI without finding the mens rea element of the offense. That the jury continued to deliberate for some time before returning its verdict, ante at 699-700, may *703 be a sign of how difficult the jury found it to figure out what the government had to prove; it provides no assurance the jury figured that out correctly. On the record before us, therefore, I believe we cannot be confident the jury would have reached the same verdict in this case had the court answered its inquiry as appellant requested it to do.[6]

. Alcindore v. United States, 818 A.2d 152, 155 (D.C. 2003).

. Id. (quotation marks omitted).

. That the separate instruction on unarmed ASBI stated each element of the offense including the mens rea element did little, in my view, to help the jury understand how to apply the ambiguous aiding and abetting instruction. The jury apparently was confused in spite of the ASBI instruction, and tire court’s response to the jury note did not even advert to it.

. Euceda v. United States, 66 A.3d 994, 1009 (D.C. 2013) (quoting United States v. Nunez, 889 F.2d 1564, 1568 (6th Cir. 1989), and Bollenbach v. United States, 326 U.S. 607, 613, 66 S.Ct. 402, 90 L.Ed. 350 (1946)); cf. Gray v. United States, 79 A.3d 326, 337-38 (D.C. 2013) ("[O]n the facts of this case— including that the jury already had a written copy of the aiding and abetting instructions at the time the first note was sent — simply rereading the aiding and abetting instructions did not come close to clearing away the jurors’ confusion with concrete accuracy.”) (internal quotation marks omitted).

. See, e.g., Vaughn v. United States, 93 A.3d 1237, 1268 (D.C. 2014) (reversing where court ‘-‘correctly charged the jury that it had to find the same mens rea to convict ... as a principal or an aider and abettor ... [but] then gave an instruction for aider and abettor liability that inappropriately combined the standards for aggravated. assault and [ASBI] ”). As a general rule, the mens rea— e.g., intent, knowledge, or recklessness — that must be proved to convict a defendant of a given offense is the same whether the defendant is charged as the principal offender or as an aider and abettor. See Wilson-Bey v. United States, 903 A.2d 818, 837 (D.C. 2006) (en banc); Kitt v. United States, 904 A.2d 348, 354, 356 (D.C. 2006); see also Criminal Jury Instructions for the District of Columbia § 3.200 Riding and Abetting (5th ed. rev. 2016).

. Because -of the likelihood that the instructional error led the jury to convict appellant without finding an essential element of the charge against him, we must consider the error to have, been of constitutional magnitude — meaning we would have to find it harmless beyond a reasonable doubt in order to excuse it. See Wilson-Bey, 903 A.2d at 843-44; cf. Potter v. United States, 534 A.2d 943, 946 (D.C. 1987) ("The provision of an answer to a jury note that is adequate to dispel jury confusion on a controlling issue of a case is such an important aspect of due process of law that we would have to be satisfied beyond a reasonable doubt that an omission to provide them was harmless before we could conclude that it did not vitiate the verdict.”).