**Aaron W. LEE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 90–1248.**

District of Columbia Court of Appeals.

Argued Oct. 1, 1991.

Decided Oct. 29, 1991.

---

David Rosenthal, Washington, D.C., appointed by this court, for appellant.

G. Bradley Weinsheimer, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and Roy W. McLeese, III and Richard L. Chamovitz, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before FERREN, TERRY and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

Lee, then represented by his first counsel, was convicted by a jury of first degree murder while armed and related offenses.[1] On March 5, 1986, he was sentenced to substantial consecutive terms of imprisonment.

On July 13, 1988, Lee's second counsel filed a post-trial motion for a new trial pursuant to D.C.Code § 23–110 (1989) alleging that Lee had been denied the effective assistance of counsel during his trial. On November 21, 1989, the trial judge issued a written order denying Lee's motion without a hearing. Lee's second counsel, who had filed a timely appeal to this court from Lee's conviction, failed to file a separate appeal from the order denying the post-trial § 23–110 motion.

On June 19, 1990, having been made aware by the government's brief on appeal of this omission, Lee's second counsel asked the trial judge to vacate his order denying the § 23–110 motion and to reissue it immediately, so that Lee could file a timely appeal from the reissued order. On July 18, 1990, the judge issued a written order denying Lee's motion. The judge ruled that the timely filing of a notice of appeal is jurisdictional and that "the facts of the instant case do not present circumstances where an extension is appropriate to satisfy the demands of justice."

Now represented by his third attorney, Lee has appealed to this court from the judge's order of July 18, 1990. The gravamen of Lee's claim in this court is that his second counsel was constitutionally ineffective in the *Strickland* sense[2] by not filing a timely appeal from the trial judge's order denying his § 23–110 motion. The Constitution does not, however, require the appointment of counsel for post-conviction proceedings. *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2566–67, 115 L.Ed.2d 640 (1991); *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Doe v. United States,* 583 A.2d 670, 672 (D.C.1990). There is likewise no statutory basis for an unqualified right to appointment of counsel. *See* D.C.Code §§ 11–2601(3)(A) and 11–2602 (1989); *Doe, supra,* 583 A.2d at 672; *Jenkins v. United States,* 548 A.2d 102, 104 (D.C.1988) (appointment of counsel for collateral proceedings is discretionary). Since Lee had no constitutional right to counsel for his § 23–110 motion, he cannot prevail on a claim that his counsel was constitutionally ineffective in relation to that motion. *See United States v. Hamid,* 461 A.2d 1043, 1044 (D.C.1983), *cert. denied,* 464 U.S. 1046, 104 S.Ct. 718, 79 L.Ed.2d 180 (1984) (defendant has no constitutional right to counsel for motion to reduce sentence, and inquiry into counsel's effectiveness in allegedly filing such a motion too late was therefore "an irrelevancy").

This court stated in *Doe, supra,* 583 A.2d at 674, that "one of the functions of appellate counsel was to consider whether the client's interest warrants the filing of a motion under § 23–110 based on ineffectiveness of counsel." We assigned this responsibility to appellate counsel so that related appeals from a conviction and from an order denying relief pursuant to § 23–110 could be heard together rather than

---

**1.** Two appeals related to the present one have been severed from this appeal and thus remain pending. In the first, No. 86–487, Lee contends that his conviction for first degree murder while armed was invalid, because the jury's verdict was for first degree murder and not for first degree murder while armed. In the second, No.

90–907, Lee claims that the judge committed reversible error in denying his motion to amend his sentence pending appeal.

**2.** *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

separately. *Id.* at 674–75; *see Shepard v. United States*, 533 A.2d 1278, 1280 (D.C.1987). The result of this assignment of responsibility, however, is simply that appellate counsel now wears two varieties of barristerial headgear—an "appeal" hat and a "collateral attack" hat. While wearing the second hat, he is in the same position as an attorney who has been appointed to represent a defendant solely in post-trial proceedings. Since defective performance on the part of a new "collateral attack" attorney does not deny the defendant effective assistance of counsel in the constitutional sense, this is equally true when the appellate attorney puts on his "collateral attack" chapeau.

*Hamid,* although not precisely on all fours with this case, is close enough to be dispositive. Although it is trial counsel's function to file any motion to reduce sentence in the trial court, we held in *Hamid*

that this does not convert his failure to do so into a denial of the constitutional right to effective counsel. Similarly, the assignment to appellate counsel of the responsibility to file any § 23–110 motion does not render his performance of that responsibility subject to constitutional ineffectiveness analysis, and cannot extract this case from the strictures of *Coleman, Finley,* and *Doe.*[3]

Accordingly, the order appealed from must be and it is hereby

*Affirmed.*

---

**3.** Lee's counsel acknowledged at argument that he knew of no principled distinction between this case and *Hamid.*