**Curtis L. PEOPLES, Appellant,**

v.

**David ROACH, Appellee.**

No. 94–SP–337.

District of Columbia Court of Appeals.

Submitted Oct. 20, 1995.

Decided Dec. 28, 1995.

---

Bradford P. Johnson, Washington, DC, was on the brief, for appellant.

Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman and Richard E. Dominguez II, Assistant United States Attorneys, were on the brief, for appellee.

Before STEADMAN, KING and REID, Associate Judges.

STEADMAN, Associate Judge:

This case, before us for the third time, is an appeal from the trial court's denial of appellant's petition for a writ of habeas corpus. We affirm.

In 1977, appellant was convicted of felony murder, armed robbery, robbery, attempted robbery while armed, assault with intent to rob, assault with a deadly weapon, and unauthorized use of a motor vehicle.[1] He appealed to this court, claiming, *inter alia*, that the trial court erred in allowing the government to introduce certain statements he made to the police following his arrest. We held that the statements were properly admitted under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and its progeny; accordingly, we affirmed. *Peoples v. United States*, 395 A.2d 41 (D.C.1978), *cert. denied*, 442 U.S. 911, 99 S.Ct. 2826, 61 L.Ed.2d 277 (1979).[2]

In 1989, appellant filed a motion for postconviction relief under D.C.Code § 23–110 (1989 Repl.). He argued, *inter alia*, that new law had been announced by the Supreme Court in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), which—had it been announced earlier—would have compelled the suppression of his statements to the police. The trial court denied appellant's 23–110 motion, concluding that the admissibility of his statements would not have been affected by *Edwards*. We affirmed in an unpublished Memorandum Opinion and Judgment, marking the second time that we have ruled on the admissibility of appellant's statements.[3]

In 1994, appellant filed a *pro se* petition for a writ of habeas corpus. The sole

---

1. Appellant was also convicted of second-degree murder while armed, but the trial court subsequently dismissed that count.

2. The statements that appellant made to the police and the circumstances surrounding them are discussed in detail in our 1978 opinion. *See Peoples, supra,* 395 A.2d at 42–43.

3. *Peoples v. United States,* No. 90–1176 (D.C. December 20, 1991).

ground that appellant advanced in support of his petition was the same ground asserted on his direct appeal and in his § 23–110 motion; that admission of his statements violated his rights under *Miranda* and its progeny. The trial court concluded that it could not consider the issues raised in the petition, as they were the same issues that had already been considered and decided by this Court. The trial court accordingly denied the petition without a hearing, and that order is now before us on appeal.

According to D.C.Code § 23–110(g) (1989 Repl.),

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 23–110] shall not be entertained by the Superior Court or by any Federal or State court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The Supreme Court has characterized § 23–110(g) as an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus *after* the applicant has been denied collateral relief in the Superior Court." *Swain v. Pressley*, 430 U.S. 372, 377, 97 S.Ct. 1224, 1227–28, 51 L.Ed.2d 411 (1977) (emphasis in original); *see also Garris v. Lindsay*, 794 F.2d 722, 725–26 (D.C.Cir.), *cert. denied*, 479 U.S. 993, 107 S.Ct. 595, 93 L.Ed.2d 595 (1986). Section 23–110(g) is equally unequivocal in commanding the Superior Court not to entertain such an application. This approach is identical to that of 28 U.S.C. § 2255 (1994), which prohibits the federal courts from entertaining habeas corpus petitions from federal prisoners who

have been denied relief under § 2255. *See Swain, supra,* 430 U.S. at 377, 97 S.Ct. at 1227–28 ("the language of § 23–110(g) was deliberately patterned after 28 U.S.C. § 2255") (footnote omitted); *Butler v. United States,* 388 A.2d 883, 886 n. 5 (D.C.1978) (Sections 23–110 and 2255 are "nearly identical and functionally equivalent ... and we may therefore rely on cases construing the federal [statute]").[4]

Although § 23–110(g) permits the Superior Court to entertain habeas corpus petitions if the remedy under § 23–110 is inadequate or ineffective, appellant alleges no such inadequacy or ineffectiveness, and absolutely none appears to exist on this record. *See Swain, supra,* 430 U.S. at 384, 97 S.Ct. at 1231 (Court found "no reason to doubt the adequacy of the remedy provided by § 23–110," and noted that "its scope is commensurate with habeas corpus relief"). Accordingly, the trial court correctly concluded that it had no authority to entertain appellant's habeas corpus petition.

■ Even to the extent that appellant's petition might be construed as a second § 23–110 motion, *see Doepel v. United States,* 510 A.2d 1044, 1045 (D.C.1986), the trial court did not err in refusing to consider appellant's claim. We had already rejected the same claim in two separate appeals, and "[i]t is well-settled that where an appellate court has disposed of an issue on appeal, it will not be considered afresh on collateral attack in a trial court of the same judicial system, absent special circumstances." *Id.* at 1045–46 (footnote and citations omitted).[5] Moreover, appellant had previously filed a § 23–110 motion, and the trial court is not "required to entertain a second or successive motion for similar relief on behalf of the

---

4. Under § 2255, "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears ... that the [court which sentenced him] has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Moreover, "[t]he remedy [provided for in § 2255] supplants that of habeas corpus and is exclusive unless it is shown that it is inadequate or ineffective to test the legality of a prisoner's detention." *Barkan v. United States,* 341 F.2d 95, 96 (10th Cir.) (cita-

tions omitted), *cert. denied,* 381 U.S. 940, 85 S.Ct. 1773, 14 L.Ed.2d 703 (1965).

5. Such special circumstances might consist of an intervening change in the relevant law. *See Davis v. United States,* 417 U.S. 333, 342, 94 S.Ct. 2298, ——, 41 L.Ed.2d 109 (1974). When appellant filed his § 23–110 motion in 1989, he alleged the intervening change of *Edwards v. Arizona, supra.* With regard to appellant's most recent petition, however, he has alleged no special circumstances to justify reconsideration of his claim.

same prisoner." D.C.Code § 23–110(e); *see Vaughn v. United States*, 600 A.2d 96, 97 (D.C.1991) (trial court is under no obligation to consider repeated claims for collateral relief); *Hurt v. St. Elizabeths Hospital*, 366 A.2d 780, 781 (D.C.1976) (same); *Sanders v. United States*, 373 U.S. 1, 15–16, 83 S.Ct. 1068, 1077–78, 10 L.Ed.2d 148 (1963) (trial court need not consider a successive § 2255 motion which, instead of setting forth a new or different ground for relief, merely predicates the same legal claim on new or different factual allegations or legal arguments).

We also note that appellant's inability to bring his latest application for relief as a § 23–110 motion does not render the remedy under § 23–110 "inadequate or ineffective" within the meaning of § 23–110(g), and therefore does not permit the Superior Court or any other court to entertain his petition for a writ of habeas corpus. *See Garris, supra*, 794 F.2d at 724, 727. "It is the inefficacy of the [§ 23–110] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it." *Id.*

The order appealed from is accordingly

*Affirmed.*