Stephen H. SNELL, Appellant,

v.

UNITED STATES, Appellee.

No. 99–CM–718.

District of Columbia Court of Appeals.

Argued March 15, 2000.

Decided May 18, 2000.

---

Charles B. Wayne, Washington, DC, for appellant.

Mary–Patrice Brown, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher, Robert Underhill, and Alex J. Bourelly, Assistant United States Attorneys, were on the brief, for appellee.

Before TERRY, Associate Judge, and MACK and FERREN, Senior Judges.

FERREN, Senior Judge:

Appellant was convicted of simple assault, D.C.Code § 22–504 (1998 Supp.), at a bench trial on January 22, 1999, and sentenced to six months' probation. On appeal, he contends (1) that the trial court erred in rejecting his self-defense claim, and (2) that he was denied effective assistance of counsel. We affirm.

## I.

The evidence of self-defense, according to appellant's testimony, showed that complainant threw an empty bottle into a vacant lot; that appellant approached and admonished complainant to throw his trash into his own neighborhood; that complainant advanced to within two feet of appellant and, using profanity while holding his fist high, threatened to beat appellant; and that appellant—terrified—instinctively sprayed the left side of complainant's face with the red pepper spray appellant regularly carried while walking his dog.

In contrast, according to complainant's testimony, complainant did not threaten or even swear at appellant and, when the two were five to six feet apart, appellant—without any warning or provocation—sprayed complainant's face with red pepper spray.

Appellant testified without contradiction that appellant, pursued by complainant, ran to the Washington Plaza Hotel, where appellant phoned 911 and informed the dispatcher that appellant had sprayed someone because appellant "thought he was going to be hit." A police officer testified at trial that, when appellant was interviewed at the hotel, appellant had not indicated that complainant had used profanity or raised his hand at the time of the incident.

In a bench trial, the judge credited complainant's testimony, rather than appellant's, where their respective stories diverged, and ruled not only that appellant's actions met the requirements for simple assault but also that the government had proved, beyond a reasonable doubt, that appellant had not acted in self-defense. See Guillard v. United States, 596 A.2d 60, 63 (D.C.1991).

## II.

■ Reasonable force may be used in self-defense if the actor reasonably believes that he or she is in imminent danger of bodily harm. See, e.g., Potter v. United States, 534 A.2d 943, 945–946 (D.C.1987). Appellant argues that "[e]ven though the trial judge credited [complainant's] testimony, her own findings, as well as the government's own evidence, bars the conclusion that the government disproved self-defense beyond a reasonable doubt." Specifically, appellant relies on the court's findings that acrimonious words had been exchanged while appellant and complainant were two to five feet apart, and on appellant's testimony that he had been afraid that complainant was going to hit him. The trial judge, however, discredited appellant's testimony—in particular, appellant's testimony that complainant had held his hand over appellant's head and threatened to beat appellant's face in. The judge also found that appellant's 911 call had been selfserving, and that appellant had started the incident at issue here, with pepper spray in hand. In evaluating credibility, the judge relied not only on demeanor but also on the fact that appellant had been involved in a prior violent confrontation.

The record indicates (and appellant does not contest) that, but for the alleged self-defense, appellant's actions met the requirements for simple assault. We reject appellant's argument that, on this record, the trial judge "erred in applying the legal standard for self-defense." Basically, appellant argues that the government failed, as a matter of law, to disprove self-defense beyond a reasonable doubt. To the contrary, the trial court took all of appellant's evidence and arguments into consideration, and applied the relevant legal standard, namely, that there was evidence upon which a reasonable mind could find beyond a reasonable doubt that appellant did not reasonably believe he was in imminent danger of bodily harm.[1] *Potter,* 534 A.2d at 945–946. We cannot say the court erred in assessing the evidence as a reasonable fact-finder.

### III.

■ Appellant also contends that he was denied effective assistance of trial counsel because his attorney did not introduce evidence of appellant's reputation for peacefulness and good character, *see, e.g., Cooper v. United States,* 353 A.2d 696, 703 (D.C.1975), or of complainant's reputation for violence (based on his prior criminal record), *see, e.g., McBride v. United States,* 441 A.2d 644, 653 n. 19 (D.C.1982), and did not present evidence that appellant was much smaller than complainant (which appellant asks the court to note from complainant's police report). As bases for these alleged deficiencies, appellant cites merely to the transcript of the trial.

Appellant contends that this appeal, and not a collateral attack by way of motion under D.C.Code § 23–110 (1996 Repl.), is the appropriate redress for these injuries because appellant, as a probationer, was not "in custody"—a prerequisite for invoking § 23–110. Thus, appellant calls for a remand pursuant to D.C.Code § 17–306 (1997 Repl.) to allow supplementation of the record, if necessary, to dispose of this contention.[2]

■ But for appellant's "in custody" argument, his ineffectiveness claim would fail because extra-record evidence of the claims advanced by counsel on this appeal would be necessary to determine deficiency of counsel and prejudice under the governing standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See, e.g., Johnson v. United States,* 385 A.2d 742, 743 (D.C. 1978). Appellant does not elaborate his argument beyond the contention that the words "in custody" must mean physical custody. Plainly, however, those words connote "legal custody," for there is no indication elsewhere in the statute, or in its legislative history, that "custody"—for purposes of challenging a sentence—was limited to persons sentenced to incarceration.[3] Furthermore, such an interpreta-

1. Contrary to appellant's contention, the trial court's analysis did not "presume[ ] that self-defense can only be invoked when a fist is raised or a very specific oral threat is made."

2. D.C.Code § 17–306 (1997 Repl.) provides in part: "The District of Columbia Court of Appeals may ... remand the cause and direct the entry of such appropriate order, judgment, or decision, or require such further proceedings to be had, as is just in the circumstances."

3. This court has recently noted: "In interpreting § 23–110 this court relies on federal cases interpreting the federal post conviction statute because § 23–110 was patterned after 28 U.S.C. § 2255, and § 23–110 is nearly identically to, and is the functional equivalent of, the federal statute. *Peoples v. Roach,* 669 A.2d 700, 702 (D.C.1995); *Butler v. United States,* 388 A.2d 883, 886 n. 5 (D.C.1978). Moreover, § 2255 'mirror[s] § 2254 in operative effect.' *Davis v. United States,* 417 U.S. 333, 344, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Thus, federal cases arising under § 2254 as well as § 2255 guide us in considering the requirement of 'custody' as a basis for exercising authority under § 23–110." *Spencer v. United States,* 748 A.2d 940, 945 n. 3 (D.C. 2000). Federal courts have interpreted probationers as "in custody" for purposes of federal habeas proceedings. *See e.g., Helm v. Jago,* 588 F.2d 1180, 1181 (6th Cir.1979) (citing *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1962) (holding

tion would produce the "absurd result," *Peoples Drug Stores v. District of Columbia*, 470 A.2d 751, 754 (D.C.1983) (en banc), that collateral attacks on sentences would have different procedures depending on the nature of the sentence imposed, a wholly irrational distinction that would play havoc with judicial review in cases, for example, where the defendant is sentenced to incarceration on one count and to a suspended sentence or probation on another.

Appellant was sentenced on January 22, 1999, and, according to his reply brief, retained counsel for appeal on February 10, 1999, well within the period of his legal custody as a probationer. Appellant proffers no reason why counsel could not have proceeded under § 23–110 while he was in such custody and offers no other reason—aside from his failed "physical custody" argument—why we should exercise our authority under § 17–306, *supra* note 2, to remand for a § 23–110–type proceeding. Under other circumstances, such as a sentence to time served, we might conclude differently in the interests of justice, *see* § 17–306, *supra* note 2, including the importance of affording complete relief in this court system.[4] But, given the apparent ease with which appellant could have followed ordinary procedure under § 23–110, we see no basis for invoking an extraordinary procedure in this case.

*Affirmed.*

that probationers are still "in custody" for purposes of federal habeas proceedings)).

**4.** Recently, the Supreme Court, in awarding federal relief, has noted the absence of a state court remedy. *See Williams v. Taylor*, —— U.S. ——, ——, 120 S.Ct. 1479, 146 L.Ed.2d 435, 68 U.S.L.W. 4279, 4284 (2000).