Craig A. **WILLIAMS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 98–CO–1911.

District of Columbia Court of Appeals.

Argued Sept. 6, 2000.
Decided Oct. 5, 2000.

Matthew W. Greene, Fairfax, VA, appointed by the court, for appellant. Christopher Warnock, Washington, DC, also appointed by the court, was on the brief for appellant.

Roy W. McLeese, III, Assistant United States Attorney, with whom, Eric H. Holder, Jr., United States Attorney at the time the brief was filed, and John R. Fisher, G. Paul Howes, M. Evan Corcoran, and Florence Pan, Assistant United States Attorneys, were on the brief for appellee.

Before TERRY and SCHWELB, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

On March 16, 1990, a jury convicted Craig A. Williams of first-degree murder while armed and of carrying a pistol without a license. On April 10, 1992, Williams filed a motion to set aside his sentence pursuant to D.C.Code § 23–110 (1996), alleging that his trial counsel had been constitutionally ineffective. On November 19, 1992, following a hearing, the trial judge denied the motion.

Williams filed a timely direct appeal from his conviction. His attorney failed, however, to perfect a separate appeal from the trial judge's order denying his § 23–110 motion. In his brief on direct appeal, Williams, who was by then represented by a second attorney, included in his submission arguments relevant to the claim that his trial attorney had been ineffective. On January 17, 1995, in an unpublished Memorandum Opinion and Judgment (MOJ), this court addressed Williams' direct appeal and affirmed his convictions on the merits. The court concluded, however, that Williams had failed to take the necessary steps to effectuate an appeal with respect to his allegations of ineffective assistance of trial counsel. Accordingly, the court declined to consider or resolve these issues. Williams filed a petition for rehearing, which this court denied on June 13, 1996.

On August 19, 1998, Williams, through a third attorney, filed a second § 23–110 motion to vacate his sentence. In the second motion, Williams alleged that the attorney who represented him in his first § 23–110 motion was constitutionally ineffective by failing to perfect a timely appeal from the order denying that motion. The government filed an opposition to the second motion in which it argued, *inter alia*, that Williams' claim was precluded by *Lee v. United States*, 597 A.2d 1333 (D.C.1991). This court had held in *Lee*, on essentially identical facts, that "the Constitution does not ... require the appointment of counsel for post-conviction

proceedings," and that the defendant therefore "cannot prevail on a claim that his counsel was constitutionally ineffective in relation to that motion." *Id.* at 1334. On September 15, 1998, the trial judge denied Williams' second § 23–110 motion "[f]or the reasons asserted persuasively and at length in the government's Opposition." Williams filed a second notice of appeal.

Williams candidly acknowledges in his brief in this court that

> appellant's attempt to resuscitate his first § 23–110 by presenting evidence that § 23–110 counsel was constitutionally ineffective is barred by *Lee.* This [c]ourt in *M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971) made [it] clear that a division of this [c]ourt cannot overrule a previous division and consideration of the resuscitation by this division of the [c]ourt is at an end.

Williams seeks, instead, to preserve this issue for review by this court en banc or by the Supreme Court.

■■■ Williams also contends that the trial judge erred by refusing to entertain the second § 23–110 motion on its merits or to hold an evidentiary hearing on that motion. But "[t]he court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." D.C.Code § 23–110(e). It is true that "strict principles of *res judicata* do not apply to [§ 23–110] motions." *E.g., Dantzler v. United States,* 696 A.2d 1349, 1355 (D.C.1997) (citing *Neverdon v. District of Columbia,* 468 A.2d 974, 975 (D.C.1983)). Given the explicit provision of § 23–110(e) and our holding in *Lee,* however, we conclude that the trial judge did not abuse his discretion by declining to entertain Williams' second motion.

*Affirmed.*