Craig WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 03–CO–321.

District of Columbia Court of Appeals.

Argued Oct. 20, 2004.

Decided June 30, 2005.

Matthew W. Greene, Washington, DC, appointed by the court, for appellant.

Susan A. Nellor, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney at the time the brief was filed, John R. Fisher, and Thomas J. Tourish, Jr., Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, and REID, Associate Judge, and NEBEKER, Senior Judge.

WAGNER, Chief Judge:

Appellant, Craig Williams, appeals from a decision of the trial court denying his motion to vacate conviction filed pursuant to D.C.Code § 23–110 (2001). The issue raised by his appeal is whether an order entered in a collateral attack proceeding under § 23–110 must "be set forth on a separate document," in conformity with Super. Ct. Civ. R. 58. Appellant argues that the trial court erred in failing to reduce its order to writing as required by the Superior Court's Civil Rules, thereby depriving him of an adequate record for review. We hold that the trial court's recorded oral findings, entered on the docket, are sufficient in this case to meet the requirements of law, and affirm.

## I.

A detailed factual background of this case is set forth in this court's opinion in *Williams v. United States*, 783 A.2d 598 (D.C.2001) (en banc) (*Williams II*); therefore, we summarize the facts only briefly as context for the present appeal. Following a jury trial, appellant was convicted of first-degree murder while armed and carrying a pistol without a license. *Id.* at 600. He filed a notice of appeal, which this court stayed pending disposition of a motion he filed in the trial court pursuant to D.C.Code § 23–110, alleging ineffective assistance of trial counsel. The trial court denied the motion after a hearing, and appellant attempted to note an appeal. This court affirmed appellant's conviction, but it did not consider the issues raised by his appeal from the denial of the § 23–110 motion "because the steps necessary to effectuate an appeal ... had not been accomplished ...." *Id.* Subsequently, this court denied appellant's petition for rehearing without prejudice to him seeking in the trial court additional relief related to his ineffective assistance claim. *Id.* Appellant filed a second § 23–110 motion based on counsel's failure to perfect his earlier appeal. *Id.* The trial court denied the motion based on this court's decision in *Lee v. United States*, 597 A.2d 1333, 1334 (D.C.1991) (holding that because there was no constitutional right to counsel for a § 23–110 motion, Lee "[could not] prevail on a claim that his counsel was constitutionally ineffective in relation to that motion"). A panel of this court agreed and affirmed on appeal. *Williams v. United States*, 760 A.2d 205 (D.C.2000) (*Williams I*). Subsequently, rehearing the case en banc, this court held that when a criminal defendant, entitled to representation under the District of Columbia Criminal Justice Act, appeals his conviction and pending appeal, files a § 23–110 motion under the procedure established in *Shepard v. United States*, 533 A.2d 1278 (D.C.1987), counsel has a duty to perfect the appeal, in default of which "the order of denial [will] be vacated so that an appeal may be properly noted." *Williams II*, 783 A.2d at 601. Pursuant to this court's en banc ruling, the trial court re-entered its order denying appellant's first § 23–110 motion. Appellant noted the present appeal from the trial court's order denying his original § 23–110 motion.

## II.

Appellant argues that the trial court erred in failing to reduce to writing its order denying his § 23–110 motion, which he contends is required by D.C.Code § 23–110(f) and the separate document requirement of Super. Ct. Civ. R. 58. He also contends that the absence of a written order effectively deprived him of a record adequate for appellate review, and therefore, he is entitled to a remand for a hearing on the merits of the government's case.[1] The government responds that orders deciding § 23–110 motions are not governed by Super. Ct. Civ. R. 58. It contends that even if the rule were applicable, any remand should be limited to permitting the trial court to enter judgment in accordance with the rule.

In claiming that proceedings under D.C.Code § 23–110 are civil in nature, and therefore, governed by the court's civil rules, appellant makes two principal arguments, namely that: (1) D.C.Code § 23–110(f) provides that appeals from an order

---

1. To the extent that appellant argues that Rule 58 requires written findings of fact and conclusions of law, he is mistaken. In pertinent part, this rule requires only that a judgment "be set forth on a separate document." This required writing is minimal in nature. *See e.g.*, Forms CA 31 & 32.

entered on a motion under this section shall be taken "as from a final judgment on application for a writ of habeas corpus," which is civil in nature; and (2) § 23–110 proceedings are substantially similar to those under 28 U.S.C. § 2255 (governing *habeas corpus* proceedings in federal courts), which, he contends, are recognized as inherently civil in nature and governed by the Federal Rules of Civil Procedure. Therefore, he argues, § 23–110 proceedings should be treated in the same manner, and governed by Super. Ct. Civ. R. 58 and 79, as they are in the federal courts. The government concedes that § 23–110 is modeled after § 2255 and provides an equivalent remedy. The government argues, however, that the proceedings are treated by courts as hybrid in character, *i.e.*, civil in some respects, and criminal in others. It contends that Rule 12, governing § 23–110 proceedings in the Superior Court, unlike its federal counterpart, does not require application of Super. Ct. Civ. R. 58 or any other civil rule.

### A. *Nature of the Proceedings*

■ First, as appellant and the government recognize, "the scope of the remedy provided by § 23–110 is the same as that provided by § 2255." *Swain v. Pressley,* 430 U.S. 372, 381–82, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). This court has not determined specifically whether proceedings under § 23–110 are civil or criminal in nature. Since the two statutes are nearly identical, "and § 23–110 is the functional equivalent of the federal statute[,]" this court will look to federal cases interpreting § 2255 in interpreting § 23–110. *Snell v. United States,* 754 A.2d 289, 292 n. 3 (D.C. 2000) (citing *Peoples v. Roach,* 669 A.2d 700, 702 (D.C.1995)) (other citations omitted). Appellant argues that the majority

of federal circuits hold that § 2255 proceedings are inherently civil in nature, and therefore, are governed by the Federal Rules Of Civil Procedure.

■ Federal courts confronting issues arising under 28 U.S.C. § 2254 (*habeas corpus* remedy for state prisoners) and 28 U.S.C. § 2255 (providing post-conviction remedy for federal prisoners) have recognized that the nature of these proceedings depends upon their context.[2] Generally, for some procedural purposes, habeas proceedings have been considered civil. *Simmonds, supra* note 2, 111 F.3d at 742 (citing *Browder v. Director, Illinois Dep't of Corrections,* 434 U.S. 257, 269, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Ex parte Tom Tong,* 108 U.S. 556, 559–60, 2 S.Ct. 871, 27 L.Ed. 826 (1883)). For other purposes, the proceedings have not been considered as civil in nature. *Id.* (citing *Harris v. Nelson,* 394 U.S. 286, 293–94, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969) and *Ewing v. Rodgers,* 826 F.2d 967, 971 (10th Cir. 1987)). Similarly, proceedings under § 2255 have not been characterized uniformly as civil or criminal. *See id.* (comparing *United States v. Gutierrez,* 839 F.2d 648, 651 (10th Cir.1988) with *United States v. Cook,* 997 F.2d 1312 (10th Cir. 1993)). Some federal courts have recognized that such proceedings have characteristics of civil and criminal proceedings. *United States v. Johnston,* 258 F.3d 361, 365 (5th Cir.2001); *see Simmonds,* 111 F.3d at 742.

In *Johnston,* for example, the Fifth Circuit, which had generally construed § 2255 proceedings as civil, stated that "the determination of whether a § 2255 proceeding is civil or criminal in nature is dependent on the context of the proceedings, includ-

---

**2.** Although different proceedings, "28 U.S.C. § 2254 and 28 U.S.C. § 2255 are both commonly referred to as habeas corpus petitions."

*United States v. Simmonds,* 111 F.3d 737, 739 n. 1 (10th Cir.1997) (citing *Santana v. United States,* 98 F.3d 752, 753 n. 1 (3d Cir.1996)).

ing the legislative and statutory framework in which the § 2255 proceeding must be examined." *Johnston, supra,* 258 F.3d at 366. In that case, having considered the statutory framework and legislative intent of 28 U.S.C. § 636(b) and (c) (concerning the jurisdiction of federal magistrate judges), the court held that "for purposes of § 636(c), a § 2255 proceeding is a civil matter over which Congress intended magistrate judges to exercise jurisdiction upon consent of the parties." *Id.* However, having considered the criminal nature of the proceeding, the court also determined "that the consensual delegation of § 2255 motions to magistrate judges violated Article III of the Constitution." *Id.* at 372. The court reasoned that in vacating a criminal sentence under § 2255, the magistrate judge would not merely be overturning another judge's civil ruling, but rather directly entering into the area of federal criminal law and procedure. *Id.* at 369. The court explained further that: (1) a magistrate judge, handling § 2255 motions by consent, would have controlling authority in attacks on the validity of the Article III judge's prior ruling; (2) sentencing is an integral part of the criminal process, and § 2255 proceedings are a further step in that process; (3) it would be anomalous for the magistrate judge, who lacks authority to impose felony sentences, to have the power to vacate or re-sentence under § 2255; and (4) "[c]onsensual delegation of § 2255 proceedings do not evince sufficient reviewability and control for purposes of Article III." *Id.* at 369–71. Thus, the *Johnston* court drew a clear distinction between the treatment accorded consensual civil matters and proceedings under § 2255 attacking the validity of a criminal sentence.

In *Simmonds, supra,* the Tenth Circuit considered whether § 2254 and § 2255 proceedings are civil actions for purposes of 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (April 26, 1996) (requiring prisoners bringing civil actions or appealing from civil actions to pay filing fees).[3] 111 F.3d at 741. The term "civil actions" was not defined in the legislation, and § 2255 proceedings were not exempted from its fee requirements. *Id.* at 742–43. Therefore, consistent with other circuits, the court turned to the legislative history and purpose of § 1915 and determined that its "filing fee requirements[ ] were not intended to extend to habeas or § 2255 proceedings."[4] *Id.* at 741, 743 (cit-

---

3. Under 28 U.S.C. § 1915(a)(2), prisoners seeking to proceed without prepayment of fees or security in a civil action or appeal therefrom must file "a certified copy of the[ir] trust fund account statement . . . for the 6–month period immediately preceding the filing of the complaint or notice of appeal . . . ." Prisoners bringing or appealing civil actions *in forma pauperis,* are "required to pay the full amount of a filing fee [ ]" pursuant to 28 U.S.C. § 1915(b)(1). The court is required to assess, and "when funds exist, collect . . . an initial partial filing fee of 20% of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1).

4. The court noted that the central purpose of the Prison Litigation Reform Act was to deter abusive litigation over prison conditions. *Simmonds, supra* note 2, 111 F.3d at 743 (citing 141 Cong. Rec. S7498–01 (daily ed. May 25, 1995) (statement of Sen. Dole)). Yet, the court observed, Congress had not increased the $5.00 filing fee for habeas actions, while the filing fee for civil actions was $120. *Id.* (citations omitted). It stated further that in enacting the Antiterrorism and Effective Death Penalty Act two days earlier, Congress dealt extensively with successive habeas and § 2255 actions without altering the fee provisions for these actions, where it would have been appropriate to do so. *Id.* (citations omitted). Finally, the court found persuasive that § 1915(g) limited prisoners proceeding in *forma pauperis* to three civil suits or appeals

ing *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir.1997), *cert. denied*, 525 U.S. 970, 119 S.Ct. 421, 142 L.Ed.2d 342 (1998); *United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir.1996); *Santana, supra* note 2, 98 F.3d at 754–55; *Martin, supra* note 4, 96 F.3d at 855; and *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir.1996)). Aside from the support for its determination in the decisions from other circuits, the court observed that it had determined previously that a § 2255 proceeding is a continuation of the original criminal matter, as recognized in the Rules Governing § 2255. *Id.* at 742 (citing *Cook, supra*, 997 F.2d at 1312) (other citations omitted).

The foregoing authorities dispel appellant's argument that the majority of federal circuits hold that § 2255 proceedings are inherently civil in nature, thereby requiring application of the Federal Rules of Civil Procedure in all circumstances. Rather, the authorities lend support to the government's argument that habeas and § 2255 proceedings are treated as hybrid in nature, in some respects criminal, and in others, civil. *Johnston, supra*, 258 F.3d at 365. Application of a civil-criminal dichotomy does not resolve the issue raised by appellant in this case. Therefore, we turn to appellant's remaining argument that the separate document requirement for the entry of judgment under FED. R. CIV. P. 58 and 79 applies to proceedings under § 2255 and should apply to comparable proceedings under D.C.Code § 23–110.

### B. *Applicable Rules*

■ We start with certain basic principles related to the application of the rules governing proceedings which guide our consideration of the issue. By statute, the Superior Court must "conduct its business according to the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure (except as otherwise provided in Title 23) unless it prescribes or adopts rules which modify those Rules." D.C.Code § 11–946 (2001). Similarly, "[t]he District of Columbia Court of Appeals shall conduct its business according to the Federal Rules of Appellate Procedure unless the court prescribes or adopts modifications of those Rules." D.C.Code § 11–743. " '[W]hen a local rule and a federal rule are identical, we may look to federal court decisions in interpreting the federal rule as persuasive authority in interpreting the local rule.' " *Clement v. Department of Human Servs.*, 629 A.2d 1215, 1219 n. 8 (D.C.1993) (quoting *Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 472 (D.C.1983)); *accord, D'Ambrosio v. The Colonnade Council of Unit Owners*, 717 A.2d 356, 361 n. 10 (D.C.1998). Finally, as previously stated, since § 23–110 is the functional equivalent of the federal statute, this court will look to federal cases interpreting § 2255 in interpreting § 23–110. *Snell, supra*, 754 A.2d at 292 n. 3 (citations omitted).

■ Appellant argues that the separate document requirement of Super. Ct. Civ. R. 58 and 79 apply to proceedings under D.C.Code § 23–110 because the federal circuits apply the comparable federal rules to proceedings under § 2255. Local Rule 58 provides, in pertinent part, that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." [5] Rule 58 is

---

unless under "imminent danger of serious physical injury." The court concluded that it would be contrary to the tradition of ready access of prisoners to the courts to limit in this way the habeas remedy. *Id.* (citing *Mar-*

*tin v. United States*, 96 F.3d 853, 855–56 (7th Cir.1996)).

**5.** Super. Ct. Civ. R. 79(a) provides, in relevant part, that "[a]ll ... orders ... shall be en-

identical to Federal Rule 58. *See* Super. Ct. Civ. R. 58; *(Willis) Johnson v. Johnson,* 401 A.2d 962, 965 (D.C.1979).

The D.C. Circuit has held that the separate document requirement of Fed. R.Civ.P. 58 applies to proceedings under § 2255. *United States v. (Robert) Johnson,* 349 U.S.App. D.C. 202, 206, 254 F.3d 279, 285 (2001). At issue in *(Robert) Johnson* was the timeliness of an appeal from a § 2255 proceeding. *Id.* at 208–09, 254 F.3d at 281–82. The court held that the time for noting an appeal from the denial of Johnson's § 2255 motion had not commenced to run because the district court's decision thereon had not been entered in accordance with Rule 58, and therefore, the district court's rejection of Johnson's request to reopen to allow time for the appeal was unnecessary. *Id.* The court reasoned that its conclusion followed from the applicable rules. *Id.* Specifically, the court observed that Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts (Rule 11) provides that the time for appeal from an order entered in a § 2255 proceeding is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. *Id.* at 206, 254 F.3d at 283 (citing Rule 11, 28 U.S.C. foll. § 2255). The court next turned to FED. R. APP. P. 4(a)(1)(B), which provides that the notice of appeal in a case

involving the United States as a party "must be filed within sixty days 'after the judgment or order appealed from is entered[,]'" and a motion to reopen the time for filing an appeal must be filed within 180 days after the entry of judgment. *Id.* (citing FED. R. APP. R. 4(a)(6)(A) and FED. R. APP. P.4 (a)(1)(B)). The court then stated that "most important here, FRAP 4(a)(7) states that a 'judgment or order is entered for purposes of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the FEDERAL RULES OF CIVIL PROCEDURE.'" *Id.*[6]

Assuming the applicability of the civil rules, unlike FED. R. APP. P.4 (a)(7) which provides that for purposes of Rule 4(a) a judgment or order is entered only upon compliance with Rules 58 and 79(a), neither D.C.App. R. 4(a) (governing civil appeals) or D.C.App. R. 4(b) (governing criminal appeals), in effect at the time relevant to this appeal,[7] contains the same provision. The rule governing civil appeals, D.C.App. R. 4(a), provides for notice of appeal within thirty days after the entry of judgment, unless a different time is specified by statute. D.C.App. R. 4(a)(3) provides that "[a] judgment or order is deemed to be entered when it is entered on the civil docket, including microfilmed entry, by the Clerk of the Superior Court.

tered chronologically on the civil docket .... These entries shall be brief but show ... the substance of each order or judgment of the Court ...." The comparable federal rule contains the same provision. FED. R. CIV. P. 79(a).

**6.** The court also noted that the Third, Fifth and Seventh Circuits have applied Rule 58 to § 2255 proceedings in published decisions. *(Robert) Johnson, supra,* 349 U.S.App.D.C. at 206 & 206 n. 3, 254 F.3d at 283 & 283 n. 3 (citing *Jenkins v. United States,* 325 F.2d 942, 944–45 (3d Cir.1963); *Sassoon v. United States,* 549 F.2d 983, 984–85 (5th Cir.1977); and *Hope v. United States,* 43 F.3d 1140, 1142 & n. 1 (7th Cir.1994)). It observed further

that four other circuits have held similarly in unpublished dispositions. *Id.* (citations omitted).

**7.** The Rules of the District of Columbia Court of Appeals were revised December 2, 2003, Effective January 2, 2004. The revised rules "were intended to conform the court's rules, *whenever feasible,* to the Federal Rules of Appellate Procedure and, to that extent, to attain uniformity in the rules governing appellate practice in the District of Columbia, and to clarify, simplify, and improve both existing appellate practice and the legibility of the existing rules." D.C.App. R. 4, Editor's note.

*See* Super. Ct. Civ. R. 79(a)."[8] Rule 79(a) of the Superior Court's civil rules sets forth procedures for the entry of judgment by the Clerk of the Superior Court. *See* Super. Ct. Civ. R. 79(a); *see also (Willis) Johnson, supra,* 401 A.2d at 965 (applying Super. Ct. Civ. R. 58 in holding that a consent judgment was not final until entry by the clerk).

For criminal appeals, D.C.App. R. 4(b) provided, in pertinent part, that the notice of appeal must be filed

> within thirty days after the entry of judgment or order from which the appeal is taken unless a different time is specified by the provisions of the District of Columbia Code. A notice of appeal filed after the announcement of a verdict, decision, sentence, or order[,] but before entry of the judgment or order[,] shall be treated as filed after such entry and on the day thereof. If a notice of appeal filed after a verdict is not followed by the entry of judgment, the appeal shall be subject to dismissal at any time for lack of jurisdiction.

Under D.C.App. R. 4(b)(4),

> [a] judgment or order is deemed to be entered ... when it is entered on the criminal docket by the Clerk of the Superior Court. When a judgment or final order is entered or decided out of the presence of the parties and counsel, and

without previous notice to them of the court's decision, such judgment or order shall not be considered as having been entered, for the purpose of calculating the time for filing a notice of appeal, until the fifth day after the Clerk of the Superior Court has made an entry on the criminal case jacket reflecting the mailing of notice.[9]

Again, D.C.App. R. 4(b), governing criminal appeals, does not mention any requirement for adherence to Super. Ct. Civ. R. 58 or 79(a).

Rule 11 of the Superior Court's rules governing proceedings under § 23–110 provides that the time for appeal from an order entered on the motion "is as provided in the Rules of the D.C. Court of Appeals." This general reference in Superior Court's Rule 11 to the appellate rules differs from its federal counterpart (Rule 11, governing § 2255 proceedings) that provides specifically for appeals to be taken pursuant to Rule 4(a) (governing civil appeals) of the Federal Rules of Appellate Procedure. Thus, whether D.C.App. R. 4(a) or D.C.App. R. 4(b) is applicable is left open by the local rule.[10] The Superior Court and the D.C. Court of Appeals have not adopted precisely the federal procedure for either the entry of judgment or the procedure by which appeals must be filed from orders entered disposing of

---

**8.** In the 2004 amendments to the appellate rules of the D.C. Court of Appeals, "[a] judgment or order is entered for purposes of [D.C.App. R. 4(a)] when it is entered in compliance with the rules of the Superior Court." D.C.App. R. 4(a)(6) (2004).

**9.** The 2004 version of D.C.App. R. 4(b) provides for the filing of the notice of appeal in criminal cases within thirty days after the entry of judgment or order from which the appeal is taken, unless otherwise specified by statute. The definition of the entry of judgment is essentially identical to the prior version. *See* D.C.App. R. 4(b)(5)(2004).

**10.** The rules governing § 2255 proceedings and the rules governing § 23–110 proceedings are identical in providing that where no procedure is specifically prescribed, the court "may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the [ ] Rules of Criminal Procedure or Rules of Civil Procedure, whichever it deems most appropriate to motions filed under these rules." Rules Governing Proceedings under D.C.Code § 23–110, Rule 12; *see* 28 U.S.C. § 2255 Rule 12.

claims under § 23–110. Therefore, there is no requirement that the courts of this jurisdiction apply the rules governing civil appeals to § 23–110 appeals. *See* Rules Governing Proceedings under § 23–110, Rule 12.[11]

■ In other criminal proceedings, this court has held that an oral ruling on a motion to suppress is final for purposes of appeal under D.C.App. R. [4 (b)(5) (2004) ] when entered on the docket by the Clerk. *United States v. Fraser*, 330 A.2d 761, 762 (D.C.1975). In *Fraser*, this court determined that the government's appeal was untimely because the record showed the entry of the trial court's order on the docket on the day of its oral ruling, rather than a subsequent time. *Id.* This court observed that the court did not call for submission of a written order, indicating an intention to delay a final ruling. *Id.* at 763. In a probation revocation proceeding, this court has held that the trial court's transcript and record of its ruling, without a separate written statement of the basis for its ruling, is sufficient to satisfy due process. *Saunders v. United States*, 508 A.2d 92, 97 (D.C.1986). This court concluded that "the transcript containing the trial court's findings of fact and decision satisfies both the underlying purpose of the specific requirement of a 'written statement,' as discussed in *Black* [*v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 2258, 85 L.Ed.2d 636 (1985)]."[12] *Id.* at 95. The purpose of such a statement is "'to insure accurate factfinding with respect to any alleged violation and [to] provide an adequate basis for review to determine if the decision rests on permissible grounds supported by the evidence.'" *Id.* at 97 (quoting *Black*, 105 S.Ct. at 2259). In *Saunders*, we observed that we had held a reporter's transcript of the trial court's decision could serve as the equivalent of a written statement. *Id.* (citing *DeVeau v. United States*, 454 A.2d 1308, 1316 (D.C. 1982) (pre-trial detention hearing), *cert. denied*, 460 U.S. 1087, 103 S.Ct. 1781, 76 L.Ed.2d 351 (1983); and *Villines v. United States*, 312 A.2d 304, 306 (D.C.1973) (bail review hearing)) (footnote omitted). Even the civil rules, which appellant seeks to have apply, expressly permit the trial court, sitting without a jury, to state its findings of fact and conclusions of law orally in open court, if stenographically recorded. *See* Super. Ct. Civ. R. 52(a).[13]

---

11. *See* note 9, *supra.*

12. In *Black*, the Supreme Court set forth the procedural requirements for probation revocation hearings, including: (1) written notice of the alleged violations; (2) disclosure of the evidence against the probationer; (3) an opportunity for the probationer to be heard and present witnesses; (4) a neutral hearing body; and (5) "a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation." *Saunders, supra,* 508 A.2d at 97 (quoting *Black, supra,* 105 S.Ct. at 2258) (other citation omitted).

13. Our opinion in *District of Columbia v. Murtaugh*, 728 A.2d 1237 (D.C.1999), interpreting Super. Ct. Civ. R. 58, is not inconsistent with this rule. In *Murtaugh*, this court held that where a final judgment or order is entered in the presence of the parties or their counsel, and no further substantive judgment is to be entered, "the judgment or order is deemed to have been entered when it appears on the civil docket, including microfilmed entry." *Id.* at 1242. Further, we held that the District's appeal would have been untimely under D.C.App. R. 4(a)(3), but for application of Super. Ct. Civ. R. 58. *Id.* For purposes of timeliness of the appeal, we held that appellant could safely await the entry of a separate order as required under Super. Ct. Civ. R. 58. *Id.* at 1243 (citation omitted). Rule 58 is applied in a way as to favor the right to appeal. *Id.* (citing *Spann v. Colonial Village, Inc.*, 283 U.S.App.D.C. 216, 224, 899 F.2d 24, 32 (1990)) (other citations omitted). However, a "'separate document' is not needed for an order to become appealable, one is needed to render an appeal untimely." *Id.* (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)). The

■ In denying appellant's § 23–110 motion, the trial court made detailed oral findings that were recorded and transcribed. In connection with its ruling, the trial court stated that "the court's oral reasoning in support of its rulings will be part of the transcript of these proceedings." Consistent with the trial court's instructions, the clerk made a jacket entry to that effect that was entered on the docket in the case. Even assuming a requirement for a separate written statement under Super. Ct. Civ. R. 58, which we do not hold to be required, the trial court's transcribed ruling adequately satisfied its purposes and could serve as the equivalent of such a statement. *See Saunders, supra,* 508 A.2d at 97 (citations omitted).

For the foregoing reasons, the order appealed from hereby is

*Affirmed.*

timeliness of appellant's appeal is not in issue in this case. His only challenge is to the adequacy of the trial court's statement of its decision.